**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

PATRICK THELEN,                              )
                                             )
       Plaintiff,                        )
                                             )
vs.                                          )     Case No. 16-cv-00057-JPG-RJD
                                             )
KIMBERLY M. SCHNEIDER, *et al*.,             )
                                             )
       Defendants.                       )

## <u>MEMORANDUM AND ORDER</u>

This matter comes before the court on the Report and Recommendation ("R & R") (Doc. 46) of Magistrate Judge Reona J. Daly with regard to Defendants' Motion (Doc. 30) to Dismiss; Plaintiff's Motion (Doc. 18) to Alter or Amend the Order Referring Case to Magistrate Judge; and Plaintiff's Motion (Doc. 42) for Leave to Amend the Complaint.  Plaintiff filed a timely objection (Doc. 50) to the R & R and defendants filed a timely response (Doc. 51) to plaintiff's objections.  Plaintiff then filed a Reply brief (Doc. 52) to defendants' response.  Plaintiff cites to Local Rule 7.1 in support of his reply brief; however, Rule 7.1 applies to an initial motion and not to an R & R.  Local Rule 73.1 governs an R & R and provides that, "any party may respond to another party's objections with 14 days after being served a copy," but there is no provision for a party to file a reply to a response.   However, giving all benefit to the plaintiff and because he has stated exceptional circumstances, the Court will consider plaintiff's reply brief in this instance.

    **1.  Background.**

On threshold, the Court found that the Plaintiff's complaint (Doc. 1) alleged the following claims:

**Count 1:** Negligence and medical malpractice claims against Defendant United States of America under the Federal Tort Claims Act, for the actions of its employees who allowed Plaintiff's infections to persist for months without adequate, timely, or effective testing or treatment;

**Count 2:** Claims against Defendants Schneider, Mills, Kruse, and John/Jane Doe for unlawfully taking Plaintiff's money for medical co-payments for treatment of his chronic illnesses, in violation of the Fifth Amendment, 18 U.S.C. § 4048(b)(2), 28 C.F.R. § 549.72(f), and the inmate trust fund law;

**Count 3:** Defendant Schneider charged Plaintiff co-pays in order to retaliate against him for seeking medical treatment. (Doc. 10).

However, Count 1 was dismissed without prejudice for failing to file the required affidavit or certificate of merit as required by Illinois law (735 IlCS 5/2-622) and Count 3 was also dismissed without prejudice as it failed to state a claim for unconstitutional retaliation.

2. **Standard**.

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed.R.Civ.P. 72(b)(3).  The Court must review *de novo* the portions of the report to which objections are made.  The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary.  *Id.*  "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).   The Court has received an objection from the plaintiff and will review *de novo* those portions of the report.

3. **Analysis.**

a. Motion to Amend.

The R & R recommends that the Plaintiff be allowed to amend his complaint as it seeks to reinstate Count 1 – plaintiff's FTCA medical negligence claim - but that it should be denied in all other respects as it seeks to reinstate, add, or modify any other claims/allegations.    The

plaintiff does not object to this recommendation and states, "Thelen is ok with the magistrate's conclusion for the sake of brevity he will forego some previously dismissed claims except for Court one." (Doc. 50, pg. 3).

However, he goes on to state that he was entitled as a matter of right to amend his complaint as the, "defendants had filed a Fed.R.Civ.P. 12(b)(6) motion which Thelen thought was a 'responsive pleading.'"   As the defendants note, Federal Rule of Civil Procedure 15(a)(1)(B) provides that the time for amendment as a matter of right is 21 days after a responsive pleading **OR** 21 days after service of a motion under Rule 12(b) – whichever is earlier.   Defendants' Rule 12 motion was filed on June 13, 2016.  As such, plaintiff had until July 5th, 2016 to amend as a matter of right and his motion for leave to amend was not filed until October 28, 2016.

Also on this issue, the R & R recommends that an evidentiary hearing should be held with regard to the issue of whether the plaintiff has access to his complete medical records. The Court does not believe that an evidentiary hearing is necessary.   According to plaintiff's proposed affidavit, plaintiff is seeking his medical records in another matter[1] and believes he will receive his records through that case.  If unsuccessful, the plaintiff can raise the issue in this matter at a later date.

There are no objections to this portion of the R & R by either the plaintiff or the defendant.  As such, the Court has reviewed it for clear error and finds none.

    b.  <u>Motion to Alter or Amend Order Referring Case to Magistrate Judge.</u>

Plaintiff states that he is, "letting some of these claims go so those conclusion by the Magistrate will not be addressed herein."  (Doc. 50, pg 3).  Therefore, there is no objection by the plaintiff or the defendant to this portion of the R & R.  As such, the Court has reviewed it for

---

[1] *Thelen v. Gregory*, 15-cv-1015-MJR-SCW (S.D.IL ).

clear error and finds none.

   c.  <u>Defendants' Motion (Doc. 30) to Dismiss.</u>

The plaintiff's main objection to the R & R is the finding, "that the Bureau of Prisons

(BOP) Administrative Remedy Program (Grievance) satisfied due process so Thelen has no due

process claim."  He argues that since the medical fee is based on a policy or custom – and is not

"random and unauthorized" – any post-deprivation remedy "is irrelevant and does not bar a civil

rights claim."  He cites to *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982).  *Logan* was an

employee discrimination matter in which the Illinois Fair Employment Practices Commission

failed to timely hold a conference on the plaintiff's charges resulting in the plaintiff's claims

being time barred.  The Court stated that:

> In *Parratt*, the Court emphasized that it was dealing with "a tortious loss of ...
> property as a result of a random and unauthorized act by a state employee ... not a
> result of some established state procedure."  Here, in contrast, it is the state
> system itself that destroys a complainant's property interest, by operation of law,
> whenever the Commission fails to convene a timely conference-whether the
> Commission's action is taken through negligence, maliciousness, or otherwise.
> *Parratt* was not designed to reach such a situation.  Unlike the complainant in
> *Parratt*, Logan is challenging not the Commission's error, but the "established
> state procedure" that destroys his entitlement without according him proper
> procedural safeguards. *Id.* at 435-36.

However, the Logan Court went on to state that:

> Obviously, nothing we have said entitles every civil litigant to a hearing on the
> merits in every case. The State may erect reasonable procedural requirements for
> triggering the right to an adjudication, be they statutes of limitations, or in an
> appropriate case, filing fees. And the State certainly accords *due* process when it
> terminates a claim for failure to comply with a reasonable procedural or
> evidentiary rule. What the Fourteenth Amendment does require, however, "is 'an
> *opportunity* ... granted at a meaningful time and in a meaningful manner,' 'for [a]
> hearing appropriate to the nature of the case.'  It is such an opportunity that Logan
> was denied.  *Id. at* 437 (internal citations omitted).

Plaintiff next cites to *Markadonattos v. Village of Woodridge*, 739 F.3d 984 (7th Cir.

2013).   However, the opinion in *Markadonatos* was vacated and reargued en banc.   On

rehearing, the Court was divided and because no position commanded a majority, the judgment of the district was affirmed. *Markadonatos v. Village of Woodridge*, 760 F.3d 545 (7th Cir. 2014). It is further noted that the plaintiff cited to the dissent – and not the majority holding of the court. The judgment of the district court in *Markadonatos* found that the collection of the fee at issue did not violate plaintiff's procedural due process rights and that decision was affirmed as previously noted. As such, plaintiff has not cited to any controlling precedent that establishes that, "a post-deprivation remedy does not satisfy due process and will be considered irrelevant in a Bivens or Section 1983 action." (Doc. 50, pg. 8).

Finally, plaintiff cites to *Baxter v. Vigo Co. School Corp.*, 26 F.3d 728 (7th Cir. 1994)(superseded by statute on other grounds) to set out the elements needed to establish a "policy or custom." However, *Baxter* actually, "identified three situations in which a *municipality* can be said to have violated the civil rights of an individual because of its policy." *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007)(emphasis added.) Here, there is no disagreement among the parties that the BOP has a policy or procedure of charging co-payment to prisoners for sick call. The disagreement arises in whether such a policy violates plaintiff's due process rights and for the reasons set forth in the R & R, the Court finds that it does not.

As stated in the R & R, "[d]ue process does not guarantee correct outcomes in every case; that would make every error of state law that deprived a person of liberty or property a federal constitutional error, which is an absurd proposition. Due process just requires procedures that will usually lead to correct outcomes." *Del's Big Saver Foods, Inc. v. Carpenter Cook, Inc.*, 795 F.2d 1344, 1350 (7th Cir. 1986)(internal citations omitted.)

On a final note, the plaintiff states that the Court itself stated that it could not determine whether the plaintiff's condition exempted him from the co-payment fee. That remains true;

however, the issue before the Court is whether the plaintiff was denied due process to a level of a constitutional violation and not whether that process resulted in an incorrect determination.

    4. **Conclusion**.

    The Court has reviewed *de novo* that portion of the report to which objections were made and reviewed those unobjected portions for clear error.  Based on those reviews, the Court **ADOPTS** the R & R (Doc. 46) in its entirety.  Plaintiff's Motion (Doc. 42) for Leave to Amend the Complaint is **GRANTED** in part and **DENIED** in part.  Plaintiff is granted leave to amend his complaint with regard to Count 1 **ONLY.**  No evidentiary hearing is required at this time with regard to plaintiff's medical records.  Plaintiff is **DIRECTED** to refer to Local Rule 15.1 prior to filing his amended pleadings and such amended pleading must be filed on or before **March 20, 2017**.

    Plaintiff's Motion (Doc. 18) to Alter or Amend the Order Referring Case to Magistrate Judge is **DENIED.**  Defendants' Motion (Doc. 30) to Dismiss is **GRANTED**; however, the Court would strongly encourage the Bureau of Prison to reevaluate plaintiff's medical condition to determine whether it is exempted from the co-payment fees.

    For clarification, this matter will be proceeding on single Count of plaintiff's FTCA medical negligence claim once it is set out in plaintiff's amended complaint.  Plaintiff is **WARNED** that failure to file an amended complaint in the time allotted may result in the dismissal of this matter.

    **IT IS SO ORDERED.**

    **DATED:**  2/27/2017

                        *S/J. Phil Gilbert*
                        **J. PHIL GILBERT**
                        **DISTRICT JUDGE**